IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS<br>INSURANCE COMPANY AS<br>SUBROGEE OF STEPHEN BUCKNER<br>and STEPHANIE BUCKNER,<br>      Plaintiff,<br><br>vs.<br><br>APPLICA CONSUMER PRODUCTS, INC.<br>and ALLAN ELECTRIC MFG. LTD.<br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: 4:08-CV-228<br>(Jury Requested) |

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, PLAINTIFF, STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF STEPHEN BUCKNER AND STEPHANIE BUCKNER** and files this its Third Amended Complaint as against **APPLICA CONSUMER PRODUCTS, INC.,** hereinafter referred to as "Defendant APPLICA", **ALLAN ELECTRIC MFG. LTD.**, hereinafter referred to as "Defendant ALLAN ELECTRIC," and **LEE YUEN ELECTRICAL MFY LIMITED**, hereinafter referred to as "Defendant LEE YUEN", sometimes collectively referred to as "Defendants", and for cause of action would respectfully show the Court as follows:

### I. PARTIES, VENUE AND JURISDICTION

1. Plaintiff, as the real party in interest, is an insurance company doing business in the State of Texas.

2. Defendant, **APPLICA CONSUMER PRODUCTS, INC.,** is a Florida Corporation authorized to conduct business in the State of Texas. Defendant Applica has entered an appearance in this case and can be duly served with a copy of this amended complaint by and through its attorney of record: Lee L. Cameron, Jr., Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 5000 Renaissance Tower, 1201 Elm Street, Dallas, Texas 75270.

3. Defendant, **ALLAN ELECTRIC MFG. LTD.**, is a foreign company conducting business in the State of Texas. Defendant Allan Electric Mfg. Ltd. has entered an appearance in this case and can be duly served with a copy of this amended complaint by and through its attorney of record: C. Vernon Hartline, Jr., L. Abigail Foreman, Hartline, Dacus, Barger, Dreyer & Kern, L.L.P., 6688 North Central Expressway, Suite 1000, Dallas, Texas 75206.

4. Defendant, **LEE YUEN ELECTRICAL MFY LIMITED**, is a foreign company doing business in China and may be served with process pursuant to the Hague Convention at: Unit 1, 8/F, Block B, Hoi Luen Ind. Centre, 55 Hoi Yuen Rd., Tong, Kin. Hong Kong, Hong Kong SAR, China. This Defendant has continuing and systematic contacts with the State of Texas by placing its products into the steam of commerce with the expectation that they would reach and be used in the State of Texas. The causes of action set forth herein arise from such contacts.

5. The "Property" is located at 1729 San Francisco Street, Carrollton, Denton County, Texas 75007.

6. Venue of this suit is proper 28 U.S.C.§1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## II. SUBROGATION CLAIM

1. This is a subrogation matter. Plaintiff would show that State Farm Lloyds Insurance Company, an insurance company doing business in the State of Texas, has paid Stephen and Stephanie Buckner for the damages which they incurred and which resulted from the events described herein and is entitled to seek recovery for such damages against Defendant. Stephen and Stephanie Buckner have both contractually and equitably subrogated their rights to the extent of such benefits paid in this matter by State Farm Lloyds Insurance Company.

## III. PRODUCTS LIABILITY

2. This lawsuit involves products liability claims arising from the design, manufacturing, and/or marketing defects of an under cabinet electric can opener, and its' component parts (hereinafter referred to as "product" or "product in question") which was designed, manufactured

and/or marketed under the Black & Decker brand name, and which was placed into the stream of commerce by Defendant **APPLICA,** Defendant **ALLAN ELECTRIC**, and Defendant **LEE YUEN**.

## IV.  FACTS

3. At all times relevant hereto, Stephen Buckner and Stephanie Buckner were the owners of the property located at 1729 San Francisco Street, Carrollton, Denton County, Texas 75007 (the "Property").

4. On or about November 16, 2006, at approximately 3:00 p.m., a fire erupted at the home of Stephen and Stephanie Buckner. Units of the Carrollton Fire Department responded to the alarm within minutes, and extinguished the fire. The fire caused significant damage to the Buckners' home and personal property. Furthermore, the Buckners incurred additional living expenses as a result of being displaced from their home due to extensive fire damage.

5. An investigation into the area of origin and cause of the fire at the Buckners' residence was conducted by a certified fire investigator. Based upon the burn patterns and witness statements, the investigator formed the opinion that the fire originated within the kitchen area of the Buckners' home, specifically along the north wall of the kitchen at the cabinets on the right hand side of the stove between the stove and the sink. Furthermore, the investigator concluded that the fire in question was caused by the electrical faulting/failure of a Black & Decker brand can opener that was mounted underneath the upper cabinets of the kitchen. The investigator believes that all other potential ignition sources in the identified area of origin of the fire can be eliminated as being the cause of the fire in question.

6. Mr. Dan Leslie, a Fire Investigator with the Carrollton Fire Department, also conducted an investigation to determine the area of origin and cause of the fire in question. Mr. Leslie has also concluded that the fire at the Buckners' home originated in the kitchen area, and that the fire was caused by electrical failure of the can opener which was mounted beneath the cabinets.

7. The remains of the BLACK & DECKER can opener were taken into evidence and subjected to further inspection and analysis by a professional engineer at the offices of Goodson

Engineering. Further testing and inspection of the remains of the can opener revealed evidence of electrical faulting/failure on the power cord. The engineer has concluded that the electrical faulting/failure of the power cord served as the ignition source for the fire in question.

8. Defendant APPLICA, Defendant ALLAN ELECTRIC and Defendant LEE YUEN were responsible for the design, manufacture, marketing or otherwise placing the can opener, and its' component parts in question into the stream of commerce. As a result of the electrical failure associated with the can opener, the Buckners' home caught fire.

## V. CAUSES OF ACTION AGAINST DEFENDANT APPLICA

### COUNT ONE - STRICT LIABILITY

9. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

10. The can opener in question was sold under the Black & Decker brand name, and the Buckners believed they were purchasing a Black & Decker manufactured product. Pursuant to a licensing agreement, Defendant APPLICA, was authorized to place the can opener in question into the stream of commerce under the Black & Decker brand name, and as such Defendant APPLICA is the apparent manufacturer of the product in question.

11. Plaintiff would show that the can opener in question was defective and unsafe for its intended purpose at the time it left the control of and was sold by Defendant APPLICA. Defendant APPLICA knew or, in the exercise of reasonable care, should have known that the can opener in question was unreasonably dangerous, if not properly designed, manufactured, tested, or inspected, and that it presented the probability of harm to any foreseeable users, including the Buckners.

12. Defendant APPLICA owed a duty to its foreseeable users, and to the Buckners in particular, to inspect the can opener in question to determine whether it would be reasonably fit for its intended uses and to warn or give fair and adequate notice of the inherently dangerous condition existing as a result of the design and manufacture of the product.

13. There was a manufacturing defect in the can opener in question at the time it left the possession of Defendant APPLICA that was a producing cause of the occurrence in question and the damages as set forth herein. As a result of the manufacturing defect, the can opener in question was

in an unreasonably dangerous condition; i.e., the unit was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

14. As delineated in more detail above and herein, Defendant's defective manufacture and/or marketing of the can opener were the producing and proximate causes of the damages sustained by Plaintiff in excess of the minimum jurisdictional limits of this Court.

15. The Buckners were unaware of any defects in the can opener in question or of any danger to them at the time they purchased the can opener in question and put it into use. The identified product defect was the proximate and/or producing cause of the Buckners' injuries and damages. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

## COUNT TWO - NEGLIGENCE

16. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

17. Plaintiff would show that on the occasion in question, Defendant APPLICA, as the apparent manufacturer and the entity which placed the can opener in question into the stream of commerce owed a duty to exercise ordinary care in the manufacture and marketing of their products. The can opener in question was defective and unsafe for its intended purposes at the time it left the control of Defendant APPLICA and at the time it was utilized by the Buckners. The can opener was defective in that it failed to conform to the product design and specifications of other products of similar design. But for the existence of a defect, the probability that Defendant APPLICA's product would fail would have been lessened.

18. Defendant APPLICA breached their duty and, as a direct and proximate result of their negligence, Plaintiff suffered damages. Plaintiff would show that Defendant APPLICA's negligence was the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

## COUNT THREE - BREACH OF EXPRESS AND IMPLIED WARRANTIES

19. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

20.     The can opener in question was sold under the Black & Decker brand name, and the Buckners believed they were purchasing a Black & Decker manufactured product. Pursuant to a licensing agreement, Defendant APPLICA, was authorized to place the can opener in question into the stream of commerce under the Black & Decker brand name, and as such Defendant APPLICA is the apparent manufacturer of the product in question.

21.     Defendant APPLICA held out to the general public and to the Buckners specifically, that the can opener in question would conform with the qualities of the same or similar products. As a result of Defendant APPLICA's actions, Defendant APPLICA breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

22.     Defendant APPLICA held out to the general public and to the Buckners specifically, that its can opener would conform with the qualities of the same or similar products. As a result of Defendant APPLICA's actions, Defendant APPLICA breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

23.     Plaintiff has suffered the damages set forth above as a result of Defendant APPLICA's breach of the foregoing warranties and pleads for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## VI.  CAUSES OF ACTION AGAINST DEFENDANT ALLAN ELECTRIC

### COUNT ONE - STRICT LIABILITY

24.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

25.     Upon information and belief, the can opener in question was manufactured by Defendant ALLAN ELECTRIC and sold under the Black & Decker brand name. The Buckners believed they were purchasing a Black & Decker manufactured product.

26.     Plaintiff would show that the can opener in question was defective and unsafe for its intended purpose at the time it left the control of Defendant ALLAN ELECTRIC. Defendant ALLAN ELECTRIC knew or, in the exercise of reasonable care, should have known that the can

opener in question was unreasonably dangerous, if not properly designed, manufactured, tested, or inspected, and that it presented the probability of harm to any foreseeable users, including the Buckners.

27. Defendant ALLAN ELECTRIC owed a duty to its foreseeable users, and to the Buckners in particular, to inspect the can opener in question to determine whether it would be reasonably fit for its intended uses and to warn or give fair and adequate notice of the inherently dangerous condition existing as a result of the design and manufacture of the product.

28. There was a manufacturing defect in the can opener in question at the time it left the possession of Defendant ALLAN ELECTRIC that was a producing cause of the occurrence in question and the damages as set forth herein. As a result of the manufacturing defect, the unit was in an unreasonably dangerous condition; i.e., the unit was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

29. As delineated in more detail above and herein, Defendant ALLAN ELECTRIC's defective manufacture and/or marketing of the can opener were the producing and proximate causes of the damages sustained by Plaintiff in excess of the minimum jurisdictional limits of this Court.

30. The Buckners were unaware of any defects in the can opener in question or of any danger to them at the time they purchased the can opener in question and put it into use. The identified product defect was the proximate and/or producing cause of the Buckners' injuries and damages. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

## COUNT TWO - NEGLIGENCE

31. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

32. Plaintiff would show that on the occasion in question, Defendant ALLAN ELECTRIC, as the manufacturer of the can opener in question owed a duty to exercise ordinary care in the manufacture of their products. The can opener in question was defective and unsafe for its intended purposes at the time it left the control of Defendant ALLAN ELECTRIC and at the time it was utilized by the Buckners. The can opener was defective in that it failed to conform to the

product design, manufacture and/or specifications of other products of similar design. But for the existence of a defect, the probability that Defendant ALLAN ELECTRIC's product would fail would have been lessened.

33. Defendant ALLAN ELECTRIC breached their duty and, as a direct and proximate result of their negligence, Plaintiff suffered damages. Plaintiff would show that Defendant ALLAN ELECTRIC's negligence was the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

## COUNT THREE - BREACH OF EXPRESS AND IMPLIED WARRANTIES

34. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

35. Defendant ALLAN ELECTRIC held out to the general public and to the Buckners specifically, that the can opener in question would conform with the qualities of the same or similar products. As a result of Defendant ALLAN ELECTRIC's actions, Defendant ALLAN ELECTRIC breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

36. Defendant ALLAN ELECTRIC held out to the general public and to the Buckners specifically, that its can opener would conform with the qualities of the same or similar products. As a result of Defendant ALLAN ELECTRIC's actions, Defendant ALLAN ELECTRIC breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

37. Plaintiff has suffered the damages set forth above as a result of Defendant ALLAN ELECTRIC's breach of the foregoing warranties and pleads for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## VII.  CAUSES OF ACTION AGAINST DEFENDANT LEE YUEN

## COUNT ONE - STRICT LIABILITY

38.  Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

39.  Upon information and belief, the power cord for the can opener in question was manufactured by Defendant LEE YUEN and sold under the Black & Decker brand name.  The Buckners believed they were purchasing a Black & Decker manufactured product.

40.  Plaintiff would show that the power cord for the can opener in question was defective and unsafe for its intended purpose at the time it left the control of Defendant LEE YUEN.  Defendant LEE YUEN knew or, in the exercise of reasonable care, should have known that the power cord for the can opener in question was unreasonably dangerous, if not properly designed, manufactured, tested, or inspected, and that it presented the probability of harm to any foreseeable users, including the Buckners.

41.  Defendant LEE YUEN owed a duty to its foreseeable users, and to the Buckners in particular, to inspect the power cord for the can opener in question to determine whether it would be reasonably fit for its intended uses and to warn or give fair and adequate notice of the inherently dangerous condition existing as a result of the design and manufacture of the product.

42.  There was a manufacturing defect in the power cord for the can opener in question at the time it left the possession of Defendant LEE YUEN that was a producing cause of the occurrence in question and the damages as set forth herein.  As a result of the manufacturing defect, the unit was in an unreasonably dangerous condition; i.e., the unit was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

43.  As delineated in more detail above and herein, Defendant LEE YUEN's defective manufacture and/or marketing of the power cord for the can opener were the producing and proximate causes of the damages sustained by Plaintiff in excess of the minimum jurisdictional limits of this Court.

44. The Buckners were unaware of any defects in the power cord for the can opener in question or of any danger to them at the time they purchased the can opener in question and put it into use. The identified product defect was the proximate and/or producing cause of the Buckners' injuries and damages. Therefore, Plaintiff invokes the doctrine of strict liability in tort.

### COUNT TWO - NEGLIGENCE

45. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

46. Plaintiff would show that on the occasion in question, Defendant LEE YUEN , as the manufacturer of the power cord for the can opener in question owed a duty to exercise ordinary care in the manufacture of their products. The power cord for the can opener in question was defective and unsafe for its intended purposes at the time it left the control of Defendant LEE YUEN and at the time it was utilized by the Buckners. The can opener was defective in that it failed to conform to the product design, manufacture and/or specifications of other products of similar design. But for the existence of a defect, the probability that Defendant LEE YUEN's product would fail would have been lessened.

47. Defendant LEE YUEN breached their duty and, as a direct and proximate result of their negligence, Plaintiff suffered damages. Plaintiff would show that Defendant LEE YUEN's negligence was the proximate cause of Plaintiff's damages in an amount within the jurisdictional limits of this Court.

### COUNT THREE - BREACH OF EXPRESS AND IMPLIED WARRANTIES

48. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

49. Defendant LEE YUEN held out to the general public and to the Buckners specifically, that the power cord for the can opener in question would conform with the qualities of the same or similar products. As a result of Defendant LEE YUEN 's actions, Defendant LEE YUEN breached an express warranty as set forth in section 2.313 of the Texas Business and Commerce Code.

50. Defendant LEE YUEN held out to the general public and to the Buckners specifically, that the power cord for the can opener in question would conform with the qualities of the same or similar products. As a result of Defendant LEE YUEN 's actions, Defendant LEE YUEN breached an implied warranty of merchantability and usage of trade as set forth in section 2.314 of the Texas Business and Commerce Code.

51. Plaintiff has suffered the damages set forth above as a result of Defendant LEE YUEN's breach of the foregoing warranties and pleads for recovery of all damages, both actual and consequential, pursuant to the applicable sections of the Texas Business and Commerce Code and more specifically, section 2.715(b)(2) of that Code.

## VII. RES IPSA LOQUITUR

52. Plaintiff cannot more specifically allege the acts of negligent design and/or manufacture on the part of Defendant APPLICA, Defendant ALLAN ELECTRIC and Defendant LEE YUEN because facts in that regard are peculiarly within the knowledge of the Defendants.

53. In this connection, Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence and that the design and/or manufacture of the can opener in question was within the exclusive control of Defendant APPLICA, Defendant ALLAN ELECTRIC and Defendant LEE YUEN at the time the negligence probably occurred. Plaintiff has no means of ascertaining the method or manner in which the product was designed, manufactured or tested.

54. In the alternative, and in the event Plaintiff is unable to prove specific acts of negligent design, manufacture, testing, or marketing, Plaintiff asserts and relies on the doctrine of *Res Ipsa Loquitur*.

## VIII. DAMAGES

55. Plaintiff incorporates by reference the foregoing paragraphs the same as if fully set forth herein.

56. Plaintiff hereby asserts their claim for reimbursement of damages in connection with the foregoing. The damages incurred by State Farm Lloyds amount to $194,360.44. After allowing

for all just and lawful offsets, payments, and credits, of which there have been none, Defendant APPLICA and Defendant ALLAN ELECTRIC continues to be indebted to Plaintiff in at least the amount of $194,360.44.

57. All conditions precedent to Plaintiff's recovery have been performed or have occurred as required.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF STEPHEN BUCKNER AND STEPHANIE BUCKNER,** requests that Defendant **APPLICA,** Defendant **ALLAN ELECTRIC** and Defendant **LEE YUEN** be cited to appear and answer herein, and that on final hearing, Plaintiff recover:

1. A judgment against Defendants, both jointly and severally, for actual damages in the amount stated herein;

2. A judgment against Defendants, both jointly and severally, for damages for strict products liability, negligence and breach of express and implied warranties in the amount stated herein;

3. A judgment against Defendants, jointly and severally, for reasonable attorneys fees and costs of court;

4. A judgment against Defendants for pre- and post-judgment interest as allowed by law;

5. A judgment for such other and further relief, both general and specific, in equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CARPENTER LAW FIRM, P.C.**

By: ____*/S/ Craig M. Schumacher*_____
   **N. Scott Carpenter**
   State Bar No. 00790428
   **Craig M. Schumacher**
   State Bar No. 00791622
   Parkway Centre IV
   2701 North Dallas Parkway, Suite 570
   Plano, Texas 75093
   (972) 403-1133
   Fax (972) 403-0311
*ATTORNEYS FOR PLAINTIFF
STATE FARM LLOYDS AS SUBROGEE OF
STEPHEN BUCKNER & STEPHANIE BUCKNER*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served, in accordance with the Federal Rules of Civil Procedure, upon the following counsel on the 20th day of July, 2009:

Lee L. Cameron, Jr., Esq.
Allison J. Maynard, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
*Counsel for Defendant
Applica Consumer Products, Inc.*

C. Vernon Hartline, Jr.
L. Abigail Foreman
Hartline, Dacus, Barger, Dreyer
& Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
*Counsel for Defendant
Allan Electric Mfg. Ltd.*

   ___*/S/ Craig M. Schumacher*_____
   CRAIG M. SCHUMACHER